1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

16

CINDY D. JOHNSON,

                Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,[1]

                Defendant.

CASE NO. 12-cv-5604-BHS-JRC

REPORT AND
RECOMMENDATION ON
PLAINTIFF'S COMPLAINT

Noting Date: August 16, 2013

17

18

19

20

21

    This matter has been referred to United States Magistrate Judge J. Richard
Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR
4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261,
271-72 (1976). This matter has been fully briefed (*see* ECF Nos. 16, 17, 25, 26).

22

23

24

---

    [1] Carolyn W. Colvin became the Acting Commissioner of the Social Security
Administration on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil
Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 1

1    After considering and reviewing the record, the Court concludes that this matter

2  should be reversed and remanded for further proceedings. Although the parties agree that

3  this matter should be reversed and remanded, they disagree as to the terms of the remand.

4  Plaintiff moves to remand this matter for a direct award of benefits, or for additional

5  proceedings, while defendant requests that the order for remand specify that the Agency

6  will reopen a subsequent set of social security applications and decision.

7    This Court is without jurisdiction to order the reopening of plaintiff's subsequent

8  social security application in which the Social Security Administration found disability.

9

10  Therefore, the Court should deny defendant's request that this matter and plaintiff's

11  subsequent favorable decision be evaluated together.

12    However, the record and evidence does not demonstrate that this matter should be

13  remanded with a direction to award benefits, as requested by plaintiff.  Therefore, this

14  matter should be remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting

15  Commissioner for further consideration, as set forth below.

16                                          BACKGROUND

17    Plaintiff, CINDY D. JOHNSON, was born in 1979 and was twenty-eight years old

18  on the amended alleged date of disability onset of August 2, 2007 (*see* Tr. 52, 157).

19  Plaintiff completed ten years of education and did not obtain her GED (*see* Tr. 53). She

20  testified at her administrative hearing that her last work was in April or May of 2007 at

21

22  Pick-Rite Thriftway (*see* Tr. 54). She testified that she worked there for perhaps a month

23  or a month and a half, but stopped working because she was in so much pain and she was

24  crying in front of customers (*see* Tr. 55-56).

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 2

1      Plaintiff has at least the severe impairments of degenerative spondylosis of the

2  cervical spine; scoliosis of the thoracic spine; degenerative changes of the lumbar spine;

3  depression; anxiety; somatoform disorder/pain disorder; and substance abuse (Tr. 31).

4                          PROCEDURAL HISTORY

5      Plaintiff filed an application for disability insurance ("DIB") benefits pursuant to

6  42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to

7  42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act in January, 2009 (*see* Tr. 28,

8  157-63). The applications were denied initially and following reconsideration (Tr. 97-

9  108). Plaintiff's requested hearing was held before Administrative Law Judge M.J.

10  Adams ("the ALJ") on October 15, 2010 (*see* Tr. 46-92). On December 9, 2010, the ALJ

11

12  issued a written decision in which the ALJ concluded that plaintiff was not disabled

13  pursuant to the Social Security Act (*see* Tr. 25-45).

14      On May 18, 2012, the Appeals Council denied plaintiff's request for review,

15  making the written decision by the ALJ the final agency decision subject to judicial

16  review (Tr. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court

17  seeking judicial review of the ALJ's written decision in July, 2012 (*see* ECF Nos. 1, 3).

18  Defendant filed the sealed administrative record regarding this matter ("Tr.") on

19  September 18, 2012 (*see* ECF Nos. 12, 13).

20      Plaintiff filed an additional set of social security applications and was found to be

21  disabled one day after the ALJ determined that she was not disabled in the decision

22  subject to judicial review herein (*see* Opening Brief, ECF No. 27, pp. 15-16). Plaintiff,

23

24  among other arguments, contends that the fact that plaintiff was determined to be

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 3

1 disabled as of one day after the ALJ decision subject to this Court's review was issued in

2 which plaintiff was found not to be disabled, demonstrates that the earlier decision is not

3 based on substantial evidence in the record as a whole. Defendant agrees that this matter

4 subject to this Court's review should be reversed and remanded for further consideration,

5 however, defendant contends that this Court should also order that the subsequent

6 favorable decision of the Administration be reopened and evaluated anew as well.

7
DISCUSSION

8
9   1. **Whether or not the medical evidence demonstrates that this matter should**

**be remanded for a direct award of benefits**.
10

11        Plaintiff contends that the ALJ erred in evaluating the opinions of Dr. Patrick

12 Ogilvie, M.D. and Dr. Jan Lewis, Ph.D, and that their opinions demonstrate that this

13 matter should be remanded with a direction to award benefits (*see* Reply, ECF No. 26).

14 Defendant did not respond to any of plaintiff's specific arguments, however admitted

15 error in general on the part of the ALJ.

16        Generally, when the Social Security Administration does not determine a

17 claimant's application properly, "'the proper course, except in rare circumstances, is

18 to remand to the agency for additional investigation or explanation.'" *Benecke v.*

19 *Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth

20 Circuit has put forth a "test for determining when [improperly rejected] evidence

21 should be credited and an immediate award of benefits directed." *Harman v. Apfel*,

22

23 211 F.3d 1172, 1178 (9th Cir. 2000). It is appropriate when:

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 4

1    (1) the ALJ has failed to provide legally sufficient reasons for
     rejecting such evidence, (2) there are no outstanding issues that
2    must be resolved before a determination of disability can be
     made, and (3) it is clear from the record that the ALJ would be
3    required to find the claimant disabled were such evidence
     credited.
4

5    *Harman, supra,* 211 F.3d at 1178 (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th

6    Cir. 1996)).

7        Here, there are outstanding issues to be resolved. While defendant concedes that

8    this matter should be remanded, (*see* Response, ECF No. 25, pp. 6-7) defendant has not

9    conceded specifically that the ALJ erred in not crediting fully the opinions of Drs.

10   Ogilvie and Lewis. Therefore, the Court has reviewed the ALJ's consideration of these

11   opinions.

12       The Court agrees with plaintiff that the ALJ erred in evaluating Dr. Lewis'

13   opinions regarding plaintiff's mental impairments. The ALJ failed to credit the opinions

14   of Dr. Lewis in part because "Dr. Lewis found the tests showed the claimant was an

15   unreliable informant," and the ALJ concluded that Dr. Lewis "likely relied on the

16   claimant's reporting, which has been unreliable and inconsistent" (*see* Tr. 37). The ALJ

17   does not explain why it is likely that Dr. Lewis relied on plaintiff's self reporting, when it

18   was Dr. Lewis who opined that plaintiff was an unreliable informant. Although this

19   reason has some applicability to plaintiff's use of street drugs, as noted by the ALJ, the

20   ALJ's finding that this opinion by Dr. Lewis undermines all of Dr. Lewis' opinions that

21   have some basis in plaintiff's self reporting is not based on substantial evidence in the

22   record as a whole. As an examining doctor, Dr. Lewis' opinions can be rejected only "for

23

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 5

1   specific and legitimate reasons that are supported by substantial evidence in the record."

2   *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d

3   1035, 1043 (9th Cir. 1995)). In addition, the ALJ did not explain why his own

4   interpretations, rather than those of the doctor, are correct. *Reddick, supra*, 157 F.3d at

5   725 (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

6          The ALJ also erred when finding that there was no basis for Dr. Lewis' opinions

7   regarding plaintiff's marked limitations.  Dr. Lewis supported her opinion by her clinical

8   observations, records review, examination results and an extremely complete discussion

9   of her findings (*see* Tr. 921-31).

10         Also, the ALJ erred in finding that there was no basis to find that Dr. Lewis was

11  familiar with the rating requirements when she rated plaintiff's limitations as "marked."

12  These rating requirements are listed on the form filled out by Dr. Lewis (*see* Tr. 37).

13  These findings by the ALJ are not supported by substantial evidence in the record.

14         Finally, the ALJ implies that more weight should be given to non-examining state

15  agency doctors over examining doctors like Dr. Lewis because they are "knowledgeable

16  about the Social Security Administration regulations" (Tr. 37).  This is clearly legal error

17  as an examining physician's opinion is "entitled to greater weight than the opinion of a

18  nonexamining physician." *See Lester, supra*, 81 F.3d at 830 (citations omitted); *see also*

19  20 C.F.R. § 404.1527(d).  According to the Ninth Circuit, a non-examining physician's or

20  psychologist's opinion may not constitute substantial evidence by itself sufficient to

21  justify the rejection of an opinion by an examining physician or psychologist. *See Lester,*

22  *supra*, 81 F.3d at 831 (citations omitted). "In order to discount the opinion of an

1  examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ

2  must set forth specific, *legitimate* reasons that are supported by substantial evidence in

3  the record." *Van Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester,*

4  *supra*, 81 F.3d at 831). The ALJ's implication otherwise is contrary to Ninth Circuit

5  holdings.

6        While the ALJ erred in his evaluation of Dr. Lewis' opinions, the Court concludes

7  that these errors and the other errors by the ALJ do not demonstrate that all of the

8  opinions of Dr. Lewis should be credited in full. The ALJ's reliance on plaintiff's

9  toxicology reports is relevant to Dr. Lewis' opinions regarding plaintiff's drug use and

10  the ALJ provided other reasons for his determination to credit the state agency medical

11  consultant's opinions over those of Dr. Lewis, both in the discussion of Dr. Lewis'

12  opinion and in his discussion of the opinion of the state agency medical consultant's

13  opinions (*see* Tr. 37, 38). For example, the ALJ's reliance on the state agency medical

14  consultant's opinion "that the claimant made few psychological allegations and generally

15  denied psychiatric symptoms" is based on substantial evidence in the record as a whole

16  (*see* Tr. 38 (*citing* Ex. 11F); *see also* Tr. 560). In her function report, plaintiff did not

17  report problems getting along with family, friends or neighbors; and she did not report

18  problems with concentration, memory, understanding, following instructions or getting

19  along with others (*see* Tr. 210-11). Plaintiff indicated that she could pay attention "as

20  long as required," and that she followed written and spoken instructions "pretty well I

21  think" (*see* Tr. 210). Plaintiff indicated that she got along with authority figures "allright I

22

23

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 7

1  guess" (*see* Tr. 211). Plaintiff indicated that she could handle stress and changes in

2  routine "pretty well" (*see id.*).

3      It is the ALJ who is responsible for determining credibility and resolving

4  ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715,

5  722 (9th Cir. 1998); *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).  If the

6  medical evidence in the record is not conclusive, sole responsibility for resolving

7  conflicting testimony and questions of credibility lies with the ALJ.  *Sample v.*

8  *Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*quoting Waters v. Gardner*, 452 F.2d 855,

9
10  858 n.7 (9th Cir. 1971) (*citing Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

11  Dr. Ogilvie's opinion standing alone does not demonstrate that the ALJ was

12  required to find plaintiff disabled (*see* ECF No. 26). However, the ALJ following remand

13  of this matter should evaluate explicitly Dr. Ogilvie's prescription for a cane (*see* Tr. 71,

14  727). Significant, probative evidence cannot be rejected without comment.

15      Therefore, without crediting Dr. Lewis' opinions in full, the Court concludes that

16  all issues are not resolved herein. All of the evidence should be evaluated anew following

17  remand of this matter, including the medical opinion evidence, the lay evidence and

18  plaintiff's testimony and allegations.

19
20      2.  **Whether or not this Court has jurisdiction over plaintiff's subsequent**

21          **applications and the subsequent decision on those applications that**

22          **plaintiff was disabled**.

23

24

1    Defendant argues that instead of crediting fully the subsequent favorable

2  Administrative action finding plaintiff disabled, this Court should reopen the subsequent

3  favorable ruling so that it is again subject to review.  This argument is not persuasive.

4    This Court has statutory jurisdiction to review "any final decision of the

5  Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Pursuant to

6  the relevant federal regulations, a claimant obtains a judicially reviewable final decision

7  only after completing all of the required steps, including asking for reconsideration of an

8  initial determination, requesting a hearing and requesting review by the Appeals Council.

9
*See* 20 C.F.R. §§ 404.907, 404.929, 404.967. A claimant seeking judicial review also
10
11  must then either receive a decision by the Appeals Council or notice from the Appeals

12  Council that it has denied the claimant's request for review. 20 C.F.R. §§ 404.981,

13  122.210(a).

14    In this matter, plaintiff completed all of the required administrative steps on her

15  initial set of applications, including receiving an unfavorable ALJ written decision,

16  requesting review by the Appeals Council and filing a complaint in this Court. Hence, as

17  agreed by all parties, this Court has jurisdiction over the ALJ's denial of plaintiff's initial

18  applications. *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.907, 404.929, 404.967.

19    Regarding plaintiff's second set of applications for social security, however,

20  because plaintiff received a favorable ALJ decision, she did not request review from the

21  Appeals Council. As a result, the favorable ALJ decision is not a final agency decision

22  subject to this Court's review. *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.907, 404.929,

23
24  404.967.

1   A discretionary decision by the Commissioner that is not a final decision made

2   after a hearing may be subject to an exception where the Commissioner's decision "is

3   challenged on constitutional grounds." *Evans v. Chater*, 110 F.3d 1480, 1482 (9th Cir.

4   1997) (*citing Califano v. Sanders*, 430 U.S. 99, 109 (1977)); 42 U.S.C. § 405(g). There is

5   no such constitutional challenge here.

6   Based on the stated reasons, the Court finds no basis for jurisdiction over

7   plaintiff's subsequent social security applications. Therefore, this Court should not

8   include in its Order instructions to reopen plaintiff's subsequently filed, favorably

9   decided, social security applications and decision.  The ALJ may consider the fact that

10  the subsequent filings resulted in a favorable disability decision when making the

11  determination of disability in this matter.

13                          CONCLUSION

14  Based on the stated reasons, the concessions of the parties, and the relevant record,

15  the undersigned recommends that this matter be **REVERSED** and **REMANDED**

16  pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further

17  consideration.  **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

18  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

19  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R.

20  Civ. P. 6.  Failure to file objections will result in a waiver of those objections for

21

22  purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

23

24

1 | Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

2 | matter for consideration on August 16, 2013, as noted in the caption.

3 |      Dated this 25th day of July, 2013.

4

5

6 |                   J. Richard Creatura
                  United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24